Dear Mr. Roedel:
The Louisiana Patient's Compensation Fund requested an opinion of this office as to whether the definition of "health care provider" as delineated in La.R.S. 40:1299.41A(1) includes a Louisiana corporation having its principal purpose of furnishing multiple Emergency Room Physicians on an independent contractor basis to other "health care providers" such as hospitals or clinics.
The opinion of this office is as follows:
La.R.S. 40:1299.41A(1) provides:
 "Health care provider" means a person, partnership, corporation, facility, or institution licensed by this state to provide health care or professional service as a physician, hospital, community blood center, tissue bank, dentist, registered or licensed practical nurse, ambulance service under circumstances in which the provisions of R.S. 40:1299.39 are not applicable, certified registered nurse anesthetist, nurse midwife, pharmacist, optometrist, podiatrist, chiropractor, physical therapist, occupational therapist, psychologist, or any non-profit facility considered tax-exempt under Section 501(c)(3), Internal Revenue Code, pursuant to 26 U.S.C.A. § 501(c)(3), for the diagnosis and treatment of cancer or cancer-related diseases, whether or not such a facility is required to be licensed by this state, or any professional corporation a health care provider is authorized to form under the provisions of Title 12 of the Louisiana Revised Statutes of 1950, or an officer, employee, or agent thereof acting in the course and scope of his employment.
A corporation is a "health care provider" within the purview of La.R.S. 40:1299.41A(1) when it is licensed by the state to provide health care or professional services in the disciplines enumerated therein or if the corporation is a professional corporation a health care provider is authorized to form under the provisions of Title 12 of the Louisiana Revised Statutes of 1950.
Because you advise that the corporation is not licensed by the State to provide health care or other professional services, the issue is whether the corporation, which we assume to be a professional medical corporation authorized to form under Title 12, Chapter 9 of the Louisiana Revised Statutes of 1950, is a health care provider pursuant to R.S.40:1299.41A(1).
La.R.S. 12:901A defines a professional medical corporation as "a corporation organized pursuant to this Chapter for the practice of medicine."
Black's Law Dictionary, (5th ed., 1979) defines the practice of medicine as:
 The treatment of injuries as well as the discovery of the cause and nature of disease, and the administration of remedies, or the prescribing therefore.
 Dorland's Illustrative Medical Dictionary, (26th ed., 1985) defines the practice of medicine as "the exercise of one's knowledge in the practical recognition and treatment of disease."
State regulation of the practice of medicine is contained in Chapter 15 of Title 37 of the Louisiana Revised Statutes of 1950. La.R.S. 37:1262
provides in pertinent part:
 (1) "The practice of medicine, surgery, or midwifery" means the holding out of one's self to the public as being engaged in the business of, or the actual engagement in, the diagnosing, treating, curing, or relieving of any bodily or mental disease, condition, infirmity, deformity, defect, ailment, or injury in any human being, other than himself, whether by the use of an drug, instrument or force, whether physical or psychic, or of what other nature, or any other agency or means; or the examining, either gratuitously or for compensation, of any person or material from any person for such purpose whether such drug, instrument, force, or other agency or means is applied to or used by the patient or by another person; or the attending of a woman in childbirth without the aid of a licensed physician, surgeon, or midwife.
Applying the foregoing definition to the facts presented, and considering the mandate of La.R.S. 12:904, namely, that a "professional medical corporation may engage in no business other than the practice of medicine, but may hold property for investment or in connection with it medical practice" we conclude that a corporation having its principal purpose of furnishing multiple Emergency Room Physicians, on an independent contractor basis to other health care providers such as hospitals or clinics is not a health care provider within the purview of La.R.S. 40:1299.41A(1).
If you have any questions or require additional clarification, please advise.
Yours very truly,
 RICHARD P. IEYOUB, Attorney General
 By: ______________________________ ATHENA B. PIEDRAHITA Assistant Attorney General.
ABP:ddt